UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID BURNS,

                Plaintiff,

v.                                          Case No. 6:20-cv-1968-Orl-37GJK

EXTRA SPACE STORAGE, INC., and
ANGELA LOPEZ as manager, Kissimmee
Extra Space Storage,

                Defendants.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | October 23, 2020 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED, and the case be DISMISSED with leave to amend the complaint**. | |

On October 23, 2019, pro se Plaintiff filed his Complaint against Defendants. Doc. No. 1. On the same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application"). Doc. No. 2.

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to

state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2010).

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[2] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *Id.*

The Local Rules of the United States District Court for the Middle District of Florida govern proceedings *in forma pauperis*. Local Rule 4.07. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma*

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). Thus, the undersigned is tasked with reviewing the Application and complaint to determine whether there is subject matter jurisdiction, whether the allegation of poverty is untrue, and whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff alleges that Defendants (the storage center where he rents a storage unit and the manager) placed the contents of his storage unit up for auction on an earlier date than the date that Defendants told Plaintiff the auction would occur, which Defendants said would be October 27, 2020. Doc. No. 1 at ¶¶ 4-5, 8-9. The storage facility is located in Kissimmee, Florida. *Id.* at ¶ 5. Plaintiff alleges that Defendants violated Florida's Self-storage Facility Act, Florida Statute sections 83.801-83.809. *Id.* at ¶¶ 10, 12-14. He alleges that his damages will exceed $75,000 if a loss occurs. *Id.* at ¶ 16.

Plaintiff fails to state factual allegations providing a basis for federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ."); 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). Plaintiff does not allege diversity jurisdiction. He alleges the following: (1) he resides in Florida; (2) Defendant Extra Space Store is a Utah corporation; and (3) Defendant Angela Lopez is the manager of the facility. Doc. No. 1 at ¶¶ 3-5.

Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Each party's

citizenship must be alleged on the face of the complaint to establish diversity jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam) (quotation and citation omitted). Residence alone is not enough. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

Plaintiff does not allege his citizenship or the citizenship of Defendant Angela Lopez. Doc. No. 1. If Lopez and Plaintiff are citizens of Florida, then there is no diversity jurisdiction. *Lincoln Prop. Co. v. Roche*, 546 U.S. at 89.

Furthermore, the amount-in-controversy requirement is generally satisfied where the plaintiff claims a sufficient sum in good faith, "absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount." *Dewitte v. Foremost Ins. Co.*, 171 F. Supp. 3d 1288, 1289 (M.D. Fla. 2016). Where the amount of controversy is not obvious from the face of the complaint, courts may consider "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Here, Plaintiff's claim that he will suffer damages in excess of $75,000 is not obvious from the face of the complaint.

Plaintiff also does not present a federal question in the Complaint. Doc. No. 1 at ¶¶ 25, 88, 89. Instead, Plaintiff's claims are based on violations of Florida statutes. *Id.* at ¶¶ 10, 12-14.

Ordinarily, a pro se party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action (whether a constitutional

provision, treaty, statute, or common law), the state citizenship of each party, and facts demonstrating that the amount in controversy exceeds $75,000. Plaintiff may file a renewed motion to proceed *in forma pauperis* with an amended complaint.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Application (Doc. No. 2);

2. **DISMISS** the case; and

3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on October 23, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party